STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re Sheffield Wind Project | } | Docket No. 252-10-08 Vtec |
| (Appeal of Brouha et al.) | } | |
| | } | |

Decision and Order on Pending Motions

Appellants Carol Brouha, Paul Brouha, Greg Bryant, Don Gregory, the King George School, Linda Lavalle, Jane Rollins, Robert Tuthill, and David Zimmerman are represented by Stephanie J. Kaplan, Esq.; Appellee-Applicants Signal Wind Energy, LLC and Vermont Wind, LLC are represented by Ronald A. Shems, Esq., Andrew N. Raubvogel, Esq., and Geoffrey H. Hand, Esq. The Vermont Agency of Natural Resources is represented by Judith L. Dillon, Esq. Appellants Carol Brouha, Paul Brouha, Greg Bryant, Don Gregory, the King George School, Linda Lavalle, Jane Rollins, Robert Tuthill, and David Zimmerman have filed a Motion to Remand and a Motion for Continuance and Reasonable Discovery Schedule.

Motion to Remand

Appellants have moved to "remand this appeal so that the Agency of Natural Resources (ANR) can determine and analyze the existing uses and other baseline data required by the Anti-Degradation [Policy] of the Vermont Water Quality Standards (VWQS) and review the application in light of this information." Motion to Remand at 1.

The Court's September 29, 2009 decision on summary judgment determined that the rebuttable presumption of compliance with the VWQS applies to the anti-degradation provisions of the VWQS. In the proceedings on this permit on appeal,

1

"that presumption can be rebutted by evidence brought forward by Appellants." In re: Sheffield Wind Project, No. 252-10-08 Vtec, slip op. at 12 (Vt. Envtl. Ct. Sept. 29, 2009) (Wright, J.). In order to analyze the evidence brought forward by Appellants, the Court explained that "an agreed or otherwise established benchmark of the existing uses and existing quality of the receiving waters is necessary against which to measure that evidence." Id. The Court anticipates that the parties will present evidence of the existing uses and existing quality of the receiving waters at trial, as well as presenting evidence as to any permit conditions necessary to enable Applicants to meet the standards required by the statute and regulations, on the remaining questions in the Statement of Questions.

Unlike the case analyzed by the Vermont Supreme Court in In re Stormwater NPDES Petition, 2006 VT 91, 180 Vt. 261, it is neither necessary nor appropriate to remand this matter to the ANR. The permit on appeal in the present case was issued by the ANR on a case-specific basis, and is before the Court in this de novo appeal to determine, among other things, what are the existing uses and existing water quality of the receiving waters in the present case, and to determine if the proposed permit conditions will meet the VWQS, including the anti-degradation sections of the VWQS. By contrast, in the Stormwater NPDES Petition case, the Vermont Supreme Court found that ANR had failed to exercise its residual authority under federal law to determine on a case-by-case basis whether certain discharges required a NPDES permit. Id. at ¶ 29. Because ANR had not acted in the first instance, the Supreme Court remanded the case to the ANR to make that case-by-case determination. Id.

It is not necessary to remand the permit that is the subject of this appeal to the ANR to make a determination regarding the existing uses and water quality of the receiving waters. Appellants' Motion to Remand is DENIED.

<u>Motion for Continuance</u>

Appellants' Motion for Continuance and Reasonable Discovery Schedule asks the Court to "continue the hearing until January 2010 and establish a reasonable discovery schedule that will allow for adequate time to prepare for trial." Motion for Continuance at 1. Appellants argue that "there is insufficient time for the Appellants to be prepared to address either part of Question 7 on November 5" and "there is insufficient time for the Appellants to engage in discovery and prepare for a December 2 trial." <u>Id</u>.

The trial scheduled for November was rescheduled in part for December due to the timing of the Court's decision on the summary judgment motions. The November 5 trial date was retained for Question 11 and for the portion of Question 7 involving the comparison between the Applicants' Erosion Prevention and Sediment Control Plan and the applicable state standards, which were not provided to the Court with the summary judgment motions on this topic. As both issues were presented to the Court on summary judgment with expert affidavits, Appellants have not shown that trial on either of these issues should be delayed.

On the issues relating to Question 3 and the second half of Question 7, trial has already been continued from November to be heard on December 2, 3, and 4 if needed, to allow the parties additional time to prepare those issues for trial. The issues resulting from Appellants' prevailing on summary judgment on Question 3 are not a surprise to any of the parties. Applicants and perhaps the ANR will have to come forward with evidence on the existing uses and existing water quality applicable to the receiving water; Appellants will have the opportunity to present countering evidence.

This case has been pending since October of 2008; the parties had to prepare expert affidavits for the summary judgment motions. Appellants have not shown that the two months from the decision on summary judgment to the new trial dates on

3

Questions 3 and the second half of Question 7 are an unreasonable amount of time for the parties to prepare for trial.

Appellants' Motion for Continuance is DENIED.

Discovery Schedules

The proposed discovery schedule towards the December trial dates will make all written discovery available to Appellants, including the proposed data or other information on existing uses and existing water quality of the receiving waters, by November 12. The proposed discovery schedule gives adequate time for Appellants expert witnesses to review and analyze that information.

The proposed discovery schedule towards the November 5 trial date, filed by Vermont Wind on October 5 and discussed and amended by the parties at the October 12 telephone conference, is hereby ordered by the Court, except that the initial date of October 19 for disclosure of witnesses and serving of written discovery requests is hereby extended to tomorrow, October 20. Applicants shall provide a copy of this proposed discovery schedule in electronic form to the Court, together with the proposed discovery schedule towards the December trial dates, for issuance as a court order. The parties shall discuss any changes to the dates in the discovery and pretrial schedules with each other before bringing them to the attention of the Court.

Done at Berlin, Vermont, this 19th day of October, 2009.

_____
Merideth Wright
Environmental Judge

4